IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Victor Salvo, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. 2:17-cv-_1266-RMG_____ |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT** |
| | ) | **(FLSA Collective Action/Class Action** |
| NightCap Inc. Food & Spirits d/b/a | ) | **under the S.C. Payment of Wages Act)** |
| Vickery's Shem Creek and Vickery's | ) | |
| Glenwood Park; SSWNN Corp.; and | ) | **Jury Trial Requested** |
| 1313 Corp., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff Victor Salvo, individually and on behalf of all other similarly situated individuals, by way of his Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

## NATURE OF THE ACTION

1.       This lawsuit seeks to recover minimum wages, unlawful deductions, and other wages for Plaintiff and his similarly situated co-workers – servers, bartenders, and other "tipped workers" – who work or have worked at restaurants owned and/or operated by Defendants.

2.       Plaintiff brings this action on behalf of himself and similarly situated current and former employees who elect to opt in to this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

3.     Plaintiff also brings this action on behalf of himself and similarly situated current and former tipped workers in South Carolina pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq*. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES, JURISDICTION, AND VENUE

4.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

5.     Plaintiff Victor Salvo ("Salvo") is a citizen and resident of Charleston County, South Carolina.

6.     Defendant NightCap Inc. Food & Spirits ("NightCap") is a corporation organized pursuant to the laws of the State of Georgia, and has conducted business, directly and through its subsidiaries, in the State of South Carolina during the relevant prior three-year period. NightCap regularly conducts business in this judicial district.

7.     Upon information and belief, NightCap owns and operates two Vickery's restaurant locations; one on Shem Creek in Mt. Pleasant, South Carolina and another in Atlanta, Georgia (Glenwood Park).

8.     Defendant SSWNN Corp. ("SSWNN") is a corporation organized and existing pursuant to the laws of the State of Georgia, and has conducted business, directly and through its subsidiaries, in the State of South Carolina during the relevant prior three-year period. SSWNN regularly conducts business in this judicial district.

9.     Defendant 1313 Corp. is a corporation organized and existing pursuant to the laws of the State of Georgia, and has conducted business, directly and through its subsidiaries, in the State of

South Carolina during the relevant prior three-year period. 1313 Corp. regularly conducts business in this judicial district.

10.     Upon information and belief, NightCap owns 100% of the stock of SSWNN and 1313 Corp. [collectively "Defendants"].

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

12.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent and supplemental claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

15.     Plaintiff brings the First Cause of Action, the FLSA claim, individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals employed by Defendants at either Vickery's location at any time within three (3) years prior to joining this lawsuit, who were nonexempt tipped employees paid an hourly rate less than the minimum wage of Seven and 25/100 ($7.25) Dollars per hour (the "FLSA Collective Members").

16.     At all relevant times, Plaintiff and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and

others similarly situated at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of forty hours per workweek, not allowing them to retain all of their earned tips, and requiring tipped workers to engage in non-tipped duties. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

17.     Defendants' unlawful conduct, as described herein, is pursuant to a corporate policy or practice of (1) utilizing tipped employees to perform improper types, or excessive amounts, of non-tipped duties, (2) failing to inform tipped employees of all specific information required pursuant to Section 3(m) of the FLSA and other relevant regulations, and (3) requiring tipped employees to reimburse Defendants from their tips for uniforms, customer walkouts, incorrect orders, etc.

18.     Defendants are aware or should have been aware that federal law required them to pay tipped employees minimum wage for all of the hours they work when Defendant required them to perform improper types, or excessive amounts, of non-tipped work, failed to inform tipped employees of all specific information required pursuant to Section 3(m) of the FLSA and other relevant regulations, and required them to reimburse Defendant from their tips for uniforms, customer walkouts, incorrect orders, etc.

19.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

20.     The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

## SOUTH CAROLINA CLASS ACTION ALLEGATIONS

21.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

22.     Plaintiff brings the Second Cause of Action, the South Carolina Payment of Wage Act ("SCPWA") claims, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated current and former tipped workers employed by Defendants at any time within three (3) years prior to the commencement of this lawsuit, who received wages as a form of compensation and who were required to pay any portion of their compensation to the owners, managers, employees, or agents of Defendants in the form of uniform charges, customer walkouts, incorrect orders, etc. or had any compensation deducted without written or legal authorization ("SC Rule 23 Class").

23.     Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

     a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a class will benefit the parties and the Court;

     b. There are questions of law and/or facts common to the members of the proposed Plaintiff class;

     c. The claims of Plaintiff, the representative of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

     d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

24.     In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b) Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members.

25.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual SC Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual SC Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual SC Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual SC Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in impairment of the SC Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.    Upon information and belief, Defendants and other employers throughout the State of South Carolina violate the SCPWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

28.    Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

29.    Defendants have maintained control, oversight, and direction of Plaintiff and other similarly situated employees, including the ability to hire, fire, and discipline them.

### Defendant's Use of the "Tip Credit"

30.    Defendants paid Plaintiff, and all other similarly situated employees, less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m). Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with the strict requirements of the "tip credit" provisions.

31.    Under the "tip credit" provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. However, an employer is not permitted to take a tip credit against its minimum wage obligations in either of the following circumstances:  (1) when it requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employee's tipped occupation; or (2) when it requires its tipped employees to perform non-tipped work that, although ***related*** to the employee's tipped occupation, exceeds twenty percent (20%) of the employee's time worked during a shift. *See, e.g., Driver v. AppleIllinois, LLC*, 739

F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are **_unrelated_** to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added); *Fast v. Appelebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing **_related_** but nontipped duties should be paid at the full minimum wage for that time"); *Irvine v. Destination Wild Dunes Mgmt.*, 106 F. Supp. 3d 729, 735 (D.S.C. 2015) ("The twenty percent rule provides sufficient guidance to support a facially plausible claim.").

32.     Defendants have paid Plaintiff and others similarly situated to him at a "tipped" minimum wage rate – less than the full minimum wage for non-tipped workers.

33.     Defendants, however, have not satisfied the strict requirements under the FLSA that would allow them to pay this reduced minimum wage (take a "tip credit").

34.     For example, Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. 201 *et seq.*, because they failed to inform Plaintiff and others similarly situated of all of the specific individualized information required by the provisions of subsection 203(m) of the FLSA.  For example, Defendants never informed Plaintiff or others similarly situated of the actual amount of the tip credit they were reducing their wages by and Defendants changed the tip credit amount that they took at times without providing any notice.

35.     Further, while the FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "tip credit" and pay less than the statutory minimum wage to tipped employees, this exception is only allowed under the condition that, with the exception of tips

contributed to a valid tip pool, employers taking the "tip credit" permit employees to retain all tips received by the employee.

36.    When the employer makes deductions from an employee's tips or does not allow an employee to retain all tips received by the employee free and clear of interference, the employer has violated the "tip credit" and can no longer enjoy the benefits of the "tip credit" provision, 29 U.S.C. § 203(m). As set forth herein, Defendants did not allow tipped workers to retain all of the tips that they earned and instead required tipped workers to remit portions of their earned tips to Defendants for uniforms, customers walkouts, incorrect orders, etc.

37.    Additionally, Defendants maintain a uniform policy and practice whereby tipped workers are required to spend a substantial amount of time performing non-tip producing work including, but not limited to: dusting globe lights and cleaning light fixtures; cleaning windows and glass partitions; dusting wood with lemon oil; rolling silverware; breaking down soda machines and cleaning; refilling condiments; cleaning and detailing the patio; cutting fruit; wiping down the walls and all shelves or flat surfaces; etc.

38.    Defendants require tipped workers to perform non-tipped work at the start and end of every shift.

39.    Defendants require tipped workers to perform non-tipped work before the restaurant is open or after the restaurant has closed and customers have left.

40.    For instance, Defendants typically require tipped workers to arrive at least an hour and a half to two hours prior to serving their first customer and to stay at work approximately one or more hours after serving their last customer.

41.    During these periods, Defendants require tipped workers to perform non-tipped work.

42.     Defendants also require tipped workers to perform non-tipped work during restaurant business hours and throughout their shifts.

43.     The duties that Defendants require tipped workers to perform are duties that are customarily assigned to "back-of-the-house" employees in other restaurants, who typically receive at least the full minimum wage rate.

44.     Plaintiff and other similarly situated tipped employees were required to perform non-tipped work, such as cleaning, maintenance, and preparatory work, in excess of twenty percent (20%) of their time at work.  Defendants violated the FLSA by requiring tipped employees to perform non-tipped duties for periods in excess of twenty percent (20%) of their time at work, and therefore violated the FLSA, 29 U.S.C. § 203(m).

45.     Plaintiff and other tipped employees similarly situated to him were also required to perform non-tipped work that was unrelated to their tip-producing work.  Defendants violated the FLSA by requiring tipped employees to perform these non-tipped and unrelated duties and by not paying those employees full minimum wage for performing such duties.

46.     Examples of non-tipped work which Plaintiff and others similarly situated were required to perform at the reduced tip credit rate include, but are not limited to, (1) sweeping floors; (2) taking out trash and cleaning trash receptacle areas; (3) dusting globe lights and cleaning light fixtures; (4) cleaning windows and glass partitions; (5) dusting wood with lemon oil; (6) rolling silverware; (7) breaking down soda machines and cleaning; (8) refilling condiments; (9) cleaning and detailing the patio; (10) cutting fruit; (11) wiping down the walls and all shelves or flat surfaces; (12) cleaning tables, chairs, and booths, including removing gum from the bottoms of tables and deep cleaning using degreaser; (13) among other non-tipped duties.

47.    The non-tipped work described above is not specific to particular customers, tables or sections, but is performed in mass quantities for the entire shift or for future shifts.

48.    The non-tipped work which Plaintiff and others similarly situated were required to perform exceeded twenty percent (20%) of their time at work.

49.    Additionally, Plaintiff and others similarly situated were required to conduct non-tipped work for approximately one or more hours before serving their first customer and one and a half to two or more hours after each shift at a rate of pay that was less than the statutory minimum wage.

50.    Defendants' timekeeping system is capable of tracking multiple job codes for different work assignments.

51.    As a result, Plaintiff and others similarly situated were entitled to at least the applicable minimum wage for all such time worked, without applying a tip credit.  Furthermore, Plaintiff and others similarly situated who worked in excess of forty (40) hours per week are entitled to receive overtime compensation, without applying a tip credit because Defendant required Plaintiff and others similarly situated to perform related non-tipped work in excess of twenty percent (20%) of their time at work, in addition to non-tipped work that was unrelated and not incidental to the duties of their tipped occupation.

52.    Defendants also maintain a policy and practice whereby employees are, at least at times, encouraged to work off-the-clock and are not compensated for all of the hours they actually work.

53.    The amount of time for which Plaintiff and the Collective Members were required to work but are not paid is not insubstantial, insignificant, nor *de minimus*.

**Unlawful Deductions for Customer Walkouts, Order Mistakes, and Employee Uniforms**

54.     Further, under the FLSA, an employer may not take a tip credit against an employee's minimum wages unless the employee retains all of his or her tips, except for a lawful tip pool, pursuant to 29 U.S.C. § 203(m).

55.     As a result, an employer forfeits its right to take a tip credit and must pay full minimum wage if it requires employees to reimburse for customer walkouts, uniforms, incorrect orders, etc.

56.     Defendants regularly required Plaintiff and others similarly situated to reimburse them from their tips for reasons including, but not limited to, customers walking out without paying their bill, uniforms, and incorrect orders.

**Defendants' Uniform Policies and Practices**

57.     At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiff and others similarly situated, including timekeeping, payroll, and other employment practices.

58.     Defendants apply the same employment policies, practices, and procedures to all tipped workers at both Vickery's restaurant locations, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, tips, and the making of unlawful deductions.

59.     At all times relevant, Defendants have treated Plaintiff and all tipped workers employed by Defendants at their Vickery's restaurants in a substantially similar manner.

60.     Although at this stage Plaintiff and others similarly situated are unable to state the exact amount owed to them, Plaintiff believes that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time

records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

61.     The time and pay records of Plaintiff and those similarly situated are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the Defendants' liability can be ascertained. Plaintiff therefore requests an order from this Court requiring Defendants to preserve such records during the pendency of this action.

## PLAINTIFF'S FACTUAL ALLEGATIONS

62.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

63.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff Salvo, individually, as follows:

64.     Plaintiff Salvo was employed by Defendants as a server (at times) and bartender (at times) at the Vickery's restaurant in Mt. Pleasant/Shem Creek from on or about February 2006 to on or about March 2017.

65.     Defendants operate an identical Vickery's location in Atlanta, also under the NightCap umbrella.  Both locations use and share the same branding logo and both locations are referenced under the NightCap umbrella in the NightCap Employee Handbook.

66.     Defendants did not pay Salvo the proper minimum wages or overtime wages and made unauthorized and illegal deductions from his pay.

67.     Defendants paid Salvo, at times, less than the regular federal minimum wage of Seven and 25/100 Dollars ($7.25) per hour.

68.     Defendants did not provide Salvo with notification of the tipped minimum wage that he would receive or the amount of the tip credit they would be taking as to his wages.

69.     Defendants required Salvo to spend a significant portion of his shift performing non-tipped work including, but not limited to, those specific duties identified above.

70.     Although Salvo should have been paid the full minimum wage, Defendants paid him an hourly rate that fell below the minimum wage when he was working as a bartender or server.

71.     Defendants regularly required Salvo to remit portions of his earned tips for reasons including, but not limited to, mistakes relating to customer orders and required employee work uniforms.

72.     Defendants did not provide advance written notice of any of the aforementioned deductions to Salvo.

73.     Additionally, at least at times, Defendants required Salvo to perform work off-the-clock without receiving compensation. For example, at times, Defendants would compensate Salvo on an hourly basis for only up to 10 hours of work in the workday, even though they required Salvo to actually perform work for more than 10 hours in the workday.

74.     Defendants did not keep accurate records of wages or tips earned or of hours worked by Salvo.

**FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act 29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit/Failure to Pay Proper Minimum Wage)**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

75.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

76.     As set forth above, Plaintiff, and all other similarly situated employees, were employed by Defendants at their Vickery's restaurants.

77.    At all times pertinent hereto, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

78.    At all times pertinent hereto, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 0/100 ($500,000.00) Dollars. Alternatively, Plaintiff, and all other similarly situated employees, worked in interstate commerce so as to fall within the protection of the FLSA.

79.    The business of Defendants were and are enterprises engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

80.    The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 ($7.25) Dollars an hour.

81.    Defendants failed to pay Plaintiff and others similarly situated the minimum wages to which they are entitled under the FLSA.

82.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 §§ 201 *et seq.*, because Defendants failed to inform Plaintiff and others similarly situated of all required information pursuant to subsection 203(m) of the FLSA.

83.    Further, while the FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "tip credit" and pay less than the statutory minimum wage to tipped employees, this exception is only allowed under the condition that, with the exception of tips contributed to a valid tip pool, employers taking the "tip credit" permit employees to retain all tips received by the employee.

84.    When the employer makes deductions from an employee's tips or does not allow an employee to retain all tips received by the employee, the employer has violated the "tip credit" and can no longer enjoy the benefits of the "tip credit" provision, 29 U.S.C. § 203(m).

85.     Additionally, employers may only avail themselves of the "tip credit" for employees who are actually engaged in a tipped occupation and who do not spend a significant portion of their working time performing non-tipped duties.

86.     Defendants, however, did not allow Plaintiff and others similarly situated to retain all of the tips that they earned and instead required Plaintiff and others similarly situated to remit portions of their earned tips to Defendants for required work uniforms, customer walkouts, and incorrect orders.

87.     Defendants also required Plaintiff and others similarly situated to perform a substantial amount of non-tipped work in excess of twenty percent of their work time.

88.     In addition to their tipped work, Plaintiff and other similarly situated employees were required by the Defendants to perform non-tipped work that was unrelated and not incidental to the duties of their tipped occupation.

89.     During these periods, Defendants compensated Plaintiff and others similarly situated at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

90.     Further, Plaintiff and others similarly situated have not been paid the proper overtime pay at the rate of 1.5 times their regular rate at all times.

91.     Defendants' unlawful conduct, as described herein, has been willful and intentional. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff and others similarly situated.

92.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29  U.S.C. §§ 201 *et seq*.

93.     As a result of Defendants' willful violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied minimum wages and overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
**Violation of South Carolina Payment of Wages Act S.C. Code § 41-10-10, et. al.**
**(Unauthorized Deductions from Wages)**
**(Brought on behalf of Plaintiff and the SC Rule 23 Class)**

94.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

95.     Defendants are "employers" as defined by the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10(1), because they employ individuals in the State of South Carolina.

96.     Money received by Plaintiff and the SC Rule 23 Class Members, whether by way of paychecks or as tips, were 'wages' as defined by the SCPWA, § 41-10-10(2).

97.     Defendants illegally deducted amounts from the wages of Plaintiff and the SC Rule 23 Class Members without providing proper written notice as required by SCPWA § 41-10-30(A).

98.     Defendants failed to properly compensate Plaintiff and the SC Rule 23 Class Members for all hours worked in violation of the SCPWA.

99.     Defendants' illegal deductions from the wages of Plaintiff and the Rule 23 Class Members were willful and were made in bad faith.

100.    Pursuant to SCPWA § 41-10-8-(C), Plaintiff and the Rule 23 Class Members are entitled to recover in this action an amount equal to three (3) times the full amount of their wages that were illegally deducted from their pay, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a.      An order authorizing the sending of appropriate notice to current and former employees of Defendants' Vickery's restaurant locations who are potential members of the collective action under the Fair Labor Standards Act;

b.      A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage provisions of the FLSA, and deprived Plaintiff and the FLSA Collective Members of their rights to such compensation;

c.      An order requiring Defendants to provide a complete and accurate accounting of all the minimum wages and overtime wages to which Plaintiffs and the FLSA Collective Members are entitled;

d.      An award of monetary damages to Plaintiffs and the FLSA Collective Members in the form of back pay for unpaid minimum wages due, together with liquidated damages in an equal amount;

e.      Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable laws;

f.      Pre-judgment interest;

g.      An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act suffered by the SC Rule 23 Class;

h.     An award of monetary damages to Plaintiff and the members of the SC Rule 23 Class in the form of back pay for all unpaid wages due, together with treble damages pursuant to the South Carolina Payment of Wages Act;

i.     Payment of service awards to Plaintiffs, in recognition of the services they have rendered and will continue to render to the FLSA Collective and the Rule 23 Class;

j.     Attorneys' fees and costs; and

k.     Such further relief as the Court deems just and proper.

FALLS LEGAL, LLC

s/ J. Scott Falls
J. Scott Falls
Federal I.D. No.  10300
E-mail:  scott@falls-legal.com
Ashley L. Falls
Federal I.D. No. 12083
E-mail:  ashley@falls-legal.com
245 Seven Farms Drive, Suite 250
Charleston, South Carolina  29492
Telephone: (843) 737-6040
Facsimile:  (843) 737-6140

Counsel for Plaintiff Victor Salvo, on behalf of himself and all others similarly situated

Charleston, South Carolina
May 17, 2017